UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TIMOTHY DWAYNE MURRY,

        Plaintiff,

v.

DAVID M. RINK,

        Defendant.

_____/

Case No. 2:19-cv-173

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's First Amendment free exercise and retaliation claims remain.

**Discussion**

I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues URF Chaplain David M. Rink.

Plaintiff alleges that he is a Sunni Muslim. As part of his religious practice, Plaintiff participated in group prayer services. He was called out of his cell to participate in those services from October of 2018 to April of 2019. During April of 2019, Plaintiff signed up to participate in the Ramadan fast. Defendant Rink denied Plaintiff's request to participate in the fast.

Plaintiff wrote a grievance against Defendant Rink regarding the denial. As part of the resolution of the grievance, Plaintiff completed a new religious preference form and Defendant Rink added Plaintiff to the Ramadan list. Plaintiff claims when he was added to the Ramadan call list he was removed from the callout for his group prayer services. As a result, Plaintiff missed his group prayer services on six Fridays, two before Ramadan and four during Ramadan.

Plaintiff spoke with Rink about the issue and Rink indicated he would see what he could do. Nonetheless, Plaintiff missed nine more weeks of Friday group prayer services.

Plaintiff asks the Court to order Defendant Rink to pay $375,000 in compensatory and punitive damages.

II.    **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Rink violated Plaintiff's First Amendment right to freely exercise his religion. Plaintiff also claims that Defendant Rink burdened Plaintiff's free

exercise rights in retaliation for Plaintiff's filing a grievance against Rink. Plaintiff also alleges that Defendant Rink's action violate RLUIPA.

Accepting Plaintiff's allegations as true, he has adequately alleged a claim or violation of his First Amendment free exercise rights as well as a claim for retaliation for engaging in conduct protected by the First Amendment.

Plaintiff, however, has failed to allege a viable claim under RLUIPA. RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). Plaintiff contends that Defendant Rink violated RLUIPA.

Plaintiff does not specifically identify whether he is suing Defendant Rink is his personal or official capacity. RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[1]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[2]

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[2] In *Haight*, 763 F.3d at 554, the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567-69. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however,

4

Moreover, RLUIPA does not permit damages claims against prison officials in their official capacities either. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

Sovereign immunity does not bar a suit seeking declaratory or injunctive relief against Defendants in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 159-160 (1908). The *Ex Parte Young* exception, however, is limited. It applies only to prospective relief. *Green v. Mansour*, 474 U.S. 64, 68-73 (1985). Plaintiff does not seek declaratory or relief. Additionally, based on Plaintiff's allegations, there would appear to be no need for such relief. Plaintiff does not allege that the problem is ongoing.

Sovereign immunity also does not bar injunctive relief against a state official, *see Ex Parte Young*, 209 U.S. at 159-60; but, Plaintiff does not seek injunctive relief. Moreover, any claims for injunctive relief based on the allegations in his complaint would be moot if, as it appears, the problem has been resolved. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are not moot as he is no longer confined to the institution . . . ."). Accordingly, Plaintiff has not stated and cannot state a viable

---

did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

RLUIPA claim based on the allegations in his complaint. His RLUIPA claim is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's RLUIPA claim will be dismissed for failure to state a claim. Plaintiff's First Amendment free exercise and First Amendment retaliation claims remain in the case.

An order consistent with this opinion will be entered.

Dated:   November 6, 2019              /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge